# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISRAEL GARRIDO-HERNANDEZ,<br><br>Petitioner. | CASE NO. 1:13-CR-00179-LJO-SKO-1<br><br>MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO REDUCE SENTENCE UNDER U.S.S.G. AMENDMENT 782 AND DENYING PETITIONER'S REQUESTS FOR COUNSEL AND LEAVE TO PROCEED IFP<br><br>(ECF Nos. 40, 46) |

Before the Court is Petitioner Israel Garrido-Hernandez's *pro se* motion to reduce his sentence pursuant to U.S.S.G. §1B1.10(b)(1) and Amendment 782 ("the Amendment") to the United States Sentencing Guidelines,[1] which revised the Drug Quantity Table in § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* ECF No. 40. The Government opposes this motion on the basis that the Petitioner is not eligible for a reduction under § 1B1.10. *See* ECF No. 41. The Federal Defender's Office has filed a notice declining to supplement Petitioner's motion for a sentence reduction. ECF No. 45. Petitioner subsequently requested appointment of counsel and leave to proceed *in forma pauperis* ("IFP"). ECF No. 46. Upon review of the parties' briefing, the record in the case including the Probation Office's Presentence Report ("PSR"), and the relevant law, the Court will deny Petitioner's motion for a sentence reduction, his request for counsel, and his application to proceed IFP.

---

[1] Hereinafter, all references to sections (§) refer to the United States Sentencing Commission, *Guidelines Manual* ("the Guidelines") unless otherwise indicated.

## I. BACKGROUND

On March 31, 2014, Petitioner pleaded guilty to a two-count Superseding Information; Count 1 charged him with Possession of Document-Making Implement, in violation of 18 U.S.C. § 1028(a)(5), and Count 2 charged him with Possession of Methamphetamine with Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1). *See* ECF Nos. 21, 22; PSR ¶ 1.

According to the PSR, the amount of actual methamphetamine attributed to Petitioner was 57.3 kilograms. *See* PSR ¶ 39. Pursuant to §2D1.1(a)(5), Petitioner's base offense level was 32 (because his offense involved at least 50 grams but less than 150 grams of actual methamphetamine), *see id.* at ¶ 39, and his criminal history was category I (based on 0 criminal history points). *See id.* at ¶¶ 62-63. Petitioner's acceptance of responsibility warranted a three-level reduction pursuant to §§ 3E1.1(a) and (b), for an adjusted total offense level of 29. *See id.* at ¶¶ 56-58. The Guidelines range for a defendant with an offense level of 29 and a criminal history category I is 87 to 108 months of imprisonment. *See* U.S.S.G. Ch. 5, Pt. A. Therefore, the PSR recommended imposing a sentence of 87 months for both counts, to be served concurrently, for a total term of 87 months. *See* PSR at 17-18.

Before Petitioner was sentenced, his previous attorney submitted a sentencing memorandum, noting that the PSR advised the Court to consider a two-level reduction in Petitioner's offense level, based on the anticipated reduction in the relevant Guidelines range by the adoption of Amendment 782, which would take effect on November 1, 2014. ECF No. 31 at 2. Furthermore, the sentencing memorandum noted that counsel and the Government had agreed that Petitioner was eligible for an additional two-point Safety Valve reduction pursuant to § 2D1.1(b)(16). *Id.* After taking these reductions into account, Petitioner's adjusted offense level would be 25, which would correspond to a sentencing range of 57-71 months under Amendment 782's reduction of the base offense level. *Id.* at 3.

The Government's sentencing memorandum confirmed that it would not oppose a two-level reduction pursuant to the anticipated adoption of Amendment 782, its agreement to recommend an additional two-level Safety Valve reduction, and that the appropriate Guidelines range was now 57-

71 months. ECF No. 34 at 2-3. The Government requested that the Court impose a 57-month sentence, which would be a sentence at the bottom of the amended Guidelines range. *Id*. at 3.

On July 21, 2014, this Court sentenced Petitioner to a term of 57 months of imprisonment. *See* ECF Nos. 35 & 44.

## II. MOTION FOR SENTENCE REDUCTION

### a. Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. *See* 18 U.S.C. § 3582(c)(2) ("§ 3582"). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and chemical quantity tables across drug and chemical types. Amendment 782 is retroactively applicable to previously sentenced defendants. *See United States v. Navarro*, 800 F.3d 1104, 1107 (9th Cir. 2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013). At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in U.S.S.G. § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* U.S.S.G. § 1B1.10(d). In the event that one of the enumerated amendments has lowered a guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) … had been in effect at the time the defendant was sentenced." U.S.S.G. § 1B1.10(b)(1).

If the answer to step one is that a petitioner is eligible for a reduced sentence, the district court turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal citations omitted). The § 3553(a) factors include: "the

3

nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal citations omitted).

### b. Discussion

Petitioner requests a reduction in his sentence under Amendment 782. *See* ECF No. 40. In support of his motion, he cites *United States v. Steele*, 714 F.3d 751 (2d Cir. 2013), and argues that at the time he was sentenced, he was eligible for an additional three-level reduction, and asks that the Court now grant him such a reduction under § 3582. *Id.* at 2-3.

The initial inquiry of whether a petitioner is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Indeed, § 3582 permits reduction of a sentence by the Court only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Pursuant to § 1131.10(a)(2)(13), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if … an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." § 1B1.10 (a)(2)(B).

The Court turns to whether the Amendment has effect on this Petitioner's guideline range. Generally, the Amendment modifies § 2Dl.l's Drug Quantity Table to lower base offense levels by two points for most federal drug traffic offenders. Amendment 782, § 1B1.10. Reductions in sentencing are available for those defendants sentenced under the amended § 2D1.1 sentencing provision. *See* Amendment 782. However, a court may not reduce a defendant's term of imprisonment to a term less than the minimum of the amended Guidelines range. *United States v. Davis*, 739 F.3d 1222, 1224 (9th Cir. 2014) ("The current version [of the Guidelines] … prohibits a court from reducing a defendant's sentence to a term that is less than the minimum of the amended guidelines range …").

4

  Here, Petitioner already received the benefit of Amendment 782, as the 57-month sentence imposed by this Court on July 21, 2014, is already at the bottom of the amended Guidelines range for a defendant with an offense level of 25 and Criminal History Category of I. *See* U.S.S.G. Ch. 5, Pt. A. Specifically, the record indicates the Court granted Petitioner's unopposed request for a two-level reduction of his offense level in anticipation of the passage of Amendment 782, which went into effect approximately two months after Petitioner was sentenced. *See* ECF Nos. 31, 34, 35, & 36. Therefore, because Petitioner's sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, pursuant to § 1B1.10 (a)(2)(B), this Court does not have the authority to modify Petitioner's sentence. *See, e.g., Davis*, 739 F.3d at 1224 (affirming denial of § 3582(c)(2) motion where defendant previously received a sentence below the amended Guidelines range); *United States v. Leniear,* 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules); *see also Dillon*, 560 U.S. at 825-26.

  Furthermore, Petitioner misapprehends the holding of *Steele*, 714 F.3d. 751, which he claims can support an additional reduction in his sentence. *See* ECF No. 40 at 2-3. In *Steele*, the Second Circuit held that a district court considering a motion under § 3582 is not permitted to "downwardly depart from the amended Guidelines range—even if a downward departure was granted in the original sentencing—except on a government motion for a departure based on substantial assistance." *Id.* at 756-57. Applying this rule, the Second Circuit affirmed the district court's finding that the petitioner was not entitled to a downward departure under § 3582, even though the district court had previously granted such a departure during his original sentencing. *Id.* at 757. In Petitioner's case, the Government has not moved for a downward departure based on substantial assistance. Therefore, *Steele* fails to support Petitioner's contention that he is eligible for an additional three-level reduction, and has no effect on this Court's determination that Petitioner is ineligible for a sentence reduction under Amendment 782.

  For these reasons, the Court concludes that the answer at step one is that Petitioner is not eligible for a sentence reduction. *See* Amendment 782, § 1B1.10. To the extent that he asks the Court to reduce his sentence based on the § 3553(a) factors, the Court declines. When the answer at

step-one is that a petitioner is ineligible, the Court does not proceed to step two. *See* § 1B1.10; *Dunn*, 728 F.3d at 1155. Petitioner's motion for a sentence reduction pursuant to § 3582 is therefore DENIED.

### III.   REQUEST FOR COUNSEL AND LEAVE TO PROCEED *IN FORMA PAUPERIS*

Subsequent to the Federal Defender's notice that it would not supplement Petitioner's motion (ECF No. 45), Petitioner requested the appointment of counsel to represent him in this motion. ECF No. 46. Petitioner also requested leave to proceed IFP. *See id.*

Petitioner's request for counsel is moot in light of this Court's determination that Petitioner is statutorily ineligible for a sentence reduction pursuant to § 3582. Moreover, even if it were not moot, the Court would deny this request on the basis that the Ninth Circuit has held that a petitioner seeking relief under § 3582 does not have a right to appointed counsel. *United States v. Townsend*, 98 F.3d 510, 512-13 (9th Cir. 1996). Accordingly, Petitioner's request for counsel is DENIED.

Regarding Petitioner's request for leave to proceed IFP, the Court notes that he was not required to pay any fees to file his § 3582 motion. Thus, Petitioner's request to proceed IFP is DENIED.

### IV.   CONCLUSION AND ORDER

The Court concludes that Petitioner has no basis for seeking a sentence reduction under § 3582, and that his requests for counsel and application to proceed IFP are moot. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Israel Garrido-Hernandez's motion to reduce his sentence (ECF No. 40) is **DENIED**, pursuant to 18 U.S.C. § 3582(c)(2). It is **FURTHER ORDERED** that Petitioner's request for counsel and application to proceed *in forma pauperis* are **DENIED**. The Clerk of Court is **DIRECTED** to **TERMINATE** Petitioner and **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated:   **August 5, 2016**            /s/ Lawrence J. O'Neill
                                       UNITED STATES CHIEF DISTRICT JUDGE